Zhu v. Lynch

BIA
Christensen, IJ
A200 184 296

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

HANLIN ZHU,
> *Petitioner,*

> v.                                                    14-4242
>                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Gary J. Yerman, New York, N.Y.


**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy
                             Assistant Attorney General; John W.

Blakeley, Assistant Director; Jason Wisecup, Trial Attorney; Rogendy Toussaint, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hanlin Zhu, a native and citizen of the People's Republic of China, seeks review of an October 16, 2014, decision of the BIA affirming a February 20, 2013, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hanlin Zhu,* No. A200 184 296 (B.I.A. Oct. 16, 2014), *aff'g* No. A200 184 296 (Immig. Ct. N.Y. City Feb. 20, 2013). We assume the parties' familiarity with the underlying facts of and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may,

2

"[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Zhu was not credible as to his claims that he was persecuted for protesting the Chinese government's closure of his retail shop and that he fears future persecution on account of his activities with the Chinese Democracy Party ("CDP") in the United States.

The agency reasonably relied on numerous inconsistencies in the record. For example, Zhu testified that he was detained for fifteen days and mentally tortured. However, his father's letter, which was prepared in support of Zhu's asylum application, did not mention this incident. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("[a]n inconsistency and an omission are . . . functionally equivalent."). The agency was not compelled to credit Zhu's explanation that he wanted to keep such things from his father who is elderly. Zhu's father was already aware of official threats against Zhu and the detention was the reason Zhu fled China. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d

Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and citations omitted)). Furthermore, although Zhu admitted that his wife knew about his detention, he did not submit a statement from her to corroborate his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (providing that an applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question).

Zhu also made inconsistent statements regarding whether the Chinese government or a private entity recruited him to open his shop. The agency was not compelled to credit his attempts to explain these inconsistencies. *See Majidi*, 430 F.3d at 80-81 & n.1.

The agency also reasonably found Zhu's testimony internally inconsistent and inconsistent with his father's letter regarding his assertion that Chinese officials had

4

discovered his CDP activities and would persecute him as a result. Zhu repeatedly testified that officials threatened his father at the family's home in Taizhou City in June 2011 and that this incident precipitated his family's move to Shanghai. He then stated inconsistently that he was not sure if this incident occurred at their Taizhou City house before changing his testimony again to state that he was certain that officials had visited that house. Zhu's testimony in this regard was inconsistent with his father's letter. The letter, which was dated July 25, 2011, and mailed from Shanghai, asserted that officials had visited and threatened him two days earlier (or on July 23). Zhu failed adequately to explain these inconsistencies. *See Majidi*, 430 F.3d at 80.

While some of the inconsistencies noted by the IJ are relatively minor, the IJ was entitled to rely on the cumulative impact of these inconsistencies. *See Tu Lin v. Gonzales*, 446 F.3d 395, 401-02 (2d Cir. 2006). Ultimately, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk